IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03145-FL

**Christopher Rashawn Belfield,**

Plaintiff,

v.

**Sgt. Greenwood, et al.,**

Defendants.

**Show Cause Order**

On May 29, 2025, the court entered an order setting a Court-Hosted Settlement Conference in this matter. The order placed several requirements on the parties related to the settlement conference.

One of those requirements involved who must be present at the settlement conference. The order required that "[e]veryone whose input or authority is necessary to resolve the case must be present at the settlement conference." May 29, 2025 Order at 1. And since the North Carolina Department of Adult Corrections was responsible for indemnifying the individual defendants should they be found guilty, Mot. to Excuse ¶ 4, D.E 94, the order required that entity to have someone attend the settlement conference with "full settlement authority," May 29, 2025 Order at 1. As explained in the order, a person has full settlement authority when that "person has ultimate authority to determine the amount of any ultimate settlement and who had not had limitations placed on their settlement authority by another person." *Id*. at 2. Additionally, the court required that "[a]t least one attorney of record" appear for each party, and that attorney needed to "be fully informed about the case and the settlement-conference-related submissions that party made." *Id*.

Another requirement dealt with statements by counsel at the opening of the settlement conference. The order provided that "all counsel must make a brief presentation (no longer than 15 minutes) to everyone attending the settlement conference." *Id*. at 6. The court expected that the presentation would "address the issues of law and fact that they believe weigh strongly in their favor, the reasoning behind the most recent offer or demand communicated to opposing counsel, and any other matters they regard as material to settlement." *Id*.

And the order also required that any offers made by a party before or during the settlement conference "be made in good faith." *Id*. at 5. The court expected that the parties would "be able to provide concrete support for the offers they make." *Id*.

Finally, the order cautioned the parties that a violation of the order could result in the imposition of "any sanction authorized by Federal Rule of Civil Procedure 37(b) and any other lawful sanction, including, but not limited to, the imposing of the cost of attorney's fees and expenses incurred by persons attending the conference." *Id*. at 7.

The court held the settlement conference on July 23, 2025. During the conference, the court became concerned those associated with the Defendants had not complied with these obligations. It appeared that NCDAC did not send someone with full settlement authority to the settlement conference, that the attorney attending for defendants was not fully informed about the case, that defense counsel had not prepared an adequate opening statement, and that defense counsel and NCDAC had not adequately reviewed the facts and law involved in this case to make settlement offers in good faith. These issues negatively impacted the court's ability to conduct a meaningful settlement conference and resulted in a waste of resources by the parties and the court.

So the court orders that all counsel of record for the Defendants and the head of the North Carolina Department of Justice's Public Safety Section must appear and show cause why the court

should not impose sanctions due to the concerns raised in this order. The court will hold the show cause hearing on Thursday, August 7, 2025, at 10:00 a.m. at the Terry Sanford Federal Building and Courthouse located at 310 New Bern Avenue in Raleigh, North Carolina.

Ahead of the hearing, Plaintiff's counsel must submit the necessary documentation for the court to determine the amount of attorney's fees and expenses he incurred in attending the conference. If the court finds that the May 29, 2025 Order was violated, the court may require payment of this amount as a sanction on the offending individuals or entities. Plaintiff's counsel may, but need not, attend the show cause hearing.

Dated: July 24, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge